**628**

Joe CASARES, Plaintiff–Appellee,

v.

Michael D. ANTONOVICH; Yvonne Burke; Donald Knabe; Gloria Molina, Defendants–Appellants,

and

Zev Yaraslovsky; Lee Baca, in his official capacity only; Peter F. Schabarum; Estate of Sherman Block; Deane Dana; Barbara Persten, the Special Administrator for the Estate of Sherman Block, in her individual capacity; Los Angeles County Board of Supervisors, Defendants.

No. 00–55301.

D.C. No. CV–99–07817–TJH.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2001.*

Decided May 11, 2001.

Before BROWNING, BRUNETTI, and HAWKINS, Circuit Judges.

MEMORANDUM **

In *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir.1996), we held that "[a] city council [receives qualified immunity] if it indemnifies officers against punitive damage awards on a discretionary, case by case basis, and complies in good faith with the requirements of Cal. Gov.Code § 825(b)." The negative implication, that members of local legislative bodies do not receive qualified immunity if they indemnify officers in bad faith, was adopted in *Cunningham v. Gates*, 229 F.3d 1271, 1292–93 (9th Cir. 2000). In *Cunningham*, we granted city council members qualified immunity at the summary judgment stage because "[t]he council members' evidence suggests that they implemented section 825's indemnification in good faith in accordance with *Trevino*." 229 F.3d at 1293. Thus, because plaintiff has alleged bad faith indemnification here, the district court's denial of qualified immunity at the dismissal stage was proper. If, at summary judgment, defendants provide evidence of their good faith that precludes a genuine issue as to that material fact, a grant of qualified immunity would then be required, as it was in *Cunningham*.[1]

AFFIRMED.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because defendants' argument that plaintiff has not articulated any conduct by the county supervisors that would constitute a depriva-

Corrine DEJESUS, Plaintiff–Appellant,

v.

K–MART CORPORATION, dba Super
Kmart # 4943, Defendant–
Appellee.

No. 00–15161.

D.C. No. CV–98–00582–ECR.

United States Court of Appeals,
Ninth Circuit.

Argued Feb. 12, 2001.

Submission Deferred Feb. 12, 2001.

Submitted Feb. 20, 2001.

Decided May 11, 2001.

Before ALARCÓN, KOZINSKI, and
HAWKINS, Circuit Judges.

tion of his constitutional rights was not raised before the district court in defendants' motion

## MEMORANDUM *

### I

### II

